No. 720　　　　July 29, 2026　　　　847

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

HIGHLANDER FARMS, LLC,
*Plaintiff-Appellant,*

*v.*

Kimberly L. SAVERY,
*Defendant-Respondent.*

Douglas County Circuit Court
22CV43925; A186425

Steve H. Hoddle, Judge.

Argued and submitted December 16, 2025.

Micah Hotovec argued the cause for appellant. On the brief was Jason M. Montgomery.

George W. Kelly argued the cause and filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Plaintiff and defendant are neighboring property owners. Plaintiff appeals from a general judgment, following a bench trial, granting defendant's adverse possession counterclaim. On appeal, plaintiff argues that the trial court erred in concluding that defendant proved her adverse possession counterclaim to the standard of clear and convincing evidence. Specifically, plaintiff argues that defendant did not present sufficient evidence to prove the elements of hostility, continuity, or privity between defendant and her predecessor. As discussed below, we affirm.

Although plaintiff requests *de novo* review, we decline that request.[1] Instead, we review the trial court's conclusions for errors of law and accept the trial court's factual findings that are supported by the evidence. *Sea River Properties, LLC v. Parks*, 355 Or 831, 834, 333 P3d 295 (2014). Adverse possession claims must be proved by clear and convincing evidence, meaning that the facts must be "highly probable." *State v. N. A. P.*, 216 Or App 432, 437, 173 P3d 1251 (2007). We state the facts consistently with that standard.

Defendant's family has owned their land since defendant's grandmother bought the property in 1956. At the time of the purchase, the neighboring property owner was plaintiff's predecessor in interest. Soon after buying the land, defendant's family installed a fence between the two properties. The family talked to plaintiff's predecessor about building the fence. Defendant's uncle testified that the parties agreed that the fence would delineate the property line. Once built, the fence jutted out in an irregular manner that did not follow the straight property line. Thus, part of plaintiff's property was separated by the fence as if it was part of defendant's family's land. That piece of land is the land in dispute.

Over the years, defendant's family used the disputed land for keeping various farm animals. The family's

---

[1] *De novo* review is generally disfavored and reserved for exceptional cases. ORAP 5.40(8)(c). Plaintiff requests *de novo* review because "the trial court's decision does not comport with the uncontroverted evidence in the record." We disagree.

kids played on the disputed land. Additionally, the family weeded and mowed up to the fence line. Defendant's grandmother passed away in 2013, the same year that plaintiff purchased the neighboring property. Defendant acquired her family's property two years later in 2015.

In 2022, plaintiff filed a complaint seeking to eject defendant from the disputed land. Defendant counterclaimed for adverse possession. Following a bench trial, the court ruled against plaintiff in its ejectment claim and found for defendant on her adverse possession counterclaim. Plaintiff timely appeals, arguing that the trial court erred in finding for defendant on her counterclaim because there was insufficient evidence to prove the elements of hostility, continuity, or privity between defendant and her predecessor. Plaintiff asks us to reverse the trial court's decision on defendant's adverse possession counterclaim and direct the court to enter a judgment for plaintiff on its ejectment claim.

We turn to the relevant law on appeal and plaintiff's assignments of error. To prevail on an adverse possession claim, the claimant must "prove by clear and convincing evidence that the claimant or the claimant's predecessors in interest had maintained actual, open, notorious, exclusive, hostile, and continuous possession of the property for ten years." *Wood v. Taylor*, 307 Or App 688, 695, 479 P3d 560 (2020), *rev den*, 368 Or 37 (2021) (internal quotation marks omitted). Plaintiff first argues that the trial court erred in concluding that defendant presented sufficient clear and convincing evidence to prove the hostility element of adverse possession. Hostile possession "means that the claimant possessed the property intending to be its owner and not in subordination to the true owner." *Id.* at 697 (internal quotation marks omitted). In this case, defendant—here, the claimant to the property—must prove hostility under a claim of right, which means the claimant subjectively intended "to appropriate the land, to the exclusion of all others," regardless of title. *Id.*

Although the fence is irregularly shaped, there is evidence that both parties' predecessors agreed that the fence line was their property line and treated it as such for decades. Defendant's family maintained and used the land

on their side of the fence as if it was their own. There is no evidence that anyone else used that property. Thus, there was sufficient evidence from which the trial court could conclude that defendant proved the hostility element of adverse possession by a clear and convincing or "highly probable" standard.[2]

Plaintiff argues that an irregularly shaped fence cannot, as a matter of law, give rise to a subjective claim to own the property if the legally described property line is clearly a straight line. Plaintiff argues that the Oregon Supreme Court followed that line of reasoning in *Whitley v. Jacobs*, 278 Or 541, 564 P2d 1057 (1977), and *Oliver v. Synhorst*, 58 Or 582, 115 P 594 (1911) (on rehearing), two cases in which a fence line diverged from a straight boundary line. Those cases, however, do not stand for the proposition claimed by plaintiff. The fence in *Whitley* was a "convenience fence," meant only for fencing in animals rather than marking a boundary, *Whitley*, 278 Or at 548, and *Oliver* was an estoppel case in which the plaintiff encroached on a city street, rather than an adverse possession case. *Oliver*, 58 Or at 590-91. Neither case establishes the rule of law that plaintiff asserts. Plaintiff argues that plaintiff's predecessor gave defendant's grandmother permission to build the fence and remonstrates that permissive use is not adverse. However, there is evidence to support that both parties agreed that the fence would demarcate the property line and treated it and their respective divided lands accordingly. Viewing the evidence in the light most favorable to defendant, as we must, there was evidence that the use was hostile, and the

---

[2] Adverse possession claims that vest after 1990 also require an objectively reasonable honest belief of ownership. *See Stiles v. Godsey*, 233 Or App 119, 124-25, 225 P3d 81 (2009) (explaining that, in 1989, the legislature enacted ORS 105.620, which codified the common law and added an "honest belief" requirement). The trial court did not make findings as to precisely when defendant's claim vested, but it found that defendant's family had used the property for 50 to 60 years, which would mean the property vested before 1990. Even assuming defendant's adverse possession claim vested after 1990, there was sufficient evidence from which the court could conclude, by clear and convincing evidence, that defendant had an honest and objectively reasonable belief that her family owned the land, including that she grew up on the land and watched her family treat the land as their own. There was also evidence to support the court's conclusion that defendant's grandmother had an honest belief of ownership, including that the family came to an agreement with their neighbors that the fence line would delineate the property line.

evidence in the record did not compel the factfinder to find that it was permissive.

Next, plaintiff argues that the trial court erred in concluding that there was sufficient evidence that defendant had proven the continuous 10-year period of open and notorious possession required for an adverse possession claim. Continuous possession "is constant and not intermittent." *Warren v. Burnham*, 341 Or App 226, 232, 573 P3d 421 (2025) (internal quotation marks omitted). The claimant "must keep his flag flying, and present a hostile front to all adverse pretensions." *Reeves et al. v. Porta*, 173 Or 147, 153, 144 P2d 493 (1944) (internal quotation marks omitted). Continuity is gauged by "the kind of use that would be expected of such land." *Warren*, 341 Or App at 232.

Plaintiff argues that the testimony concerning the defendant's family's use of the disputed land is insufficient to prove that there was a continuous 10-year period during which the disputed area was used. Plaintiff specifically argues that the evidence concerning farm animals on the land is too disjoined to establish a continuous 10-year period of use and notes that the fence was falling into disrepair when plaintiff first observed the property in 2011. Defendant responds that there is significant evidence concerning the continuous use of the parcel. We agree. The parcel has been enclosed since the 1950s and, besides a lapse in care after defendant's grandmother's passing, has been maintained by the family since then. It has been used for keeping a variety of farm animals and defendant's uncle testified that they "had a milk cow that was enclosed within that disputed parcel for ten years straight." Based on the evidence of continuous use, the trial court did not err in concluding that defendant proved the continuity element of adverse possession by clear and convincing evidence.

Finally, plaintiff argues that the trial court erred in concluding that there was sufficient evidence to demonstrate privity between defendant and her predecessor for the purpose of adverse possession. Privity is required under the doctrine of tacking if a claimant satisfies the 10-year statutory requirement using two or more successive owners' possession. *Stone v. CCXL, LLC*, 318 Or App 107, 118, 506 P3d

1167, *rev den*, 370 Or 198 (2022). Two consecutive possessors are in privity with each other when they are "connected by an understanding that the rights of the possessor will be transferred, and if a transfer of possession in fact occurs." *Evans v. Hogue*, 296 Or 745, 755, 681 P2d 1133 (1984). In this case, while it has not been established precisely when the claim vested, privity would be required if defendant tacked her grandmother's period of possession onto hers.[3]

Plaintiff contends that, because defendant did not have a conversation with anyone about whether she owned the disputed strip after she acquired title, there is no privity between defendant and her predecessor. Defendant argues that there is privity because defendant understood that her grandmother owned the property up to the fence and that she was buying all the property that her grandmother owned. Here, there was evidence that defendant bought the land with the understanding that she was also buying the now-disputed strip.

Thus, the trial court did not err in concluding that defendant had presented sufficient evidence to prove her adverse possession counterclaim.

Affirmed.

---

[3] As noted, the trial court found by clear and convincing evidence that defendant's family had used the property on their side of the fence for the prior 50 to 60 years. There is sufficient evidence in the record to support that finding.